**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, | No. 10-17315 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00764-FCD-KJN |
| v. | |
| UNIVERSITY OF THE PACIFIC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted January 17, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Doe was sexually assaulted by three male University of the Pacific ("UOP")

basketball players. Doe claims that UOP acted with deliberate indifference and

retaliated against her in violation of Title IX. The district court granted summary

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment for UOP on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Damages under Title IX are available only if an official with authority to address the alleged discrimination and institute corrective measures has actual knowledge of the discrimination and fails to adequately respond—i.e., acts with deliberate indifference. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). The test for deliberate indifference is "whether a reasonable fact-finder could conclude that the [official]'s response was clearly unreasonable in light of the known circumstances." *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (internal quotation marks omitted). Summary judgment is properly entered when a school's response to the harassment was not clearly unreasonable as a matter of law. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 649 (1999).

## I.    DELIBERATE INDIFFERENCE

A.    Doe claims that UOP's response to a prior campus rape in April 2008 was clearly unreasonable in light of the known circumstances, and thereby increased the risk of her assault. Doe bases this claim on a suspicion by Edward Michael Belcher, UOP's Director of Public Safety, that one of the assailants may have been involved with the April rape. At the time of Doe's assault, however,

2

Stockton police and UOP had only a general description of the attackers from the prior incident. Belcher reported his suspicion to the Stockton police but they chose not to pursue it because the victim had declined to cooperate further. UOP had no actual knowledge that any of the assailants in this case were involved in the April incident. Additionally, Belcher was not clearly unreasonable in concluding that the connection between the assailants and the April incident was too tenuous given the general nature of the description and the lack of sufficient evidence. Given the information that was available to UOP at the time of Doe's assault, the district court did not err in concluding that UOP's actions were not clearly unreasonable.

B. Doe next contends that UOP's response to her sexual assault was clearly unreasonable and subjected her to further harassment. Doe first claims that UOP itself harassed her when Elizabeth Griego, the Vice President for Student Affairs, allegedly admonished her that the men "were very popular and did not need to force anyone to have sex with them." Inadmissible evidence, however, is insufficient to create a relevant factual dispute. *See* Fed. R. Civ. P. 56(c)(4); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). Even if this statement were admissible, it does not create a factual dispute that, if resolved in Doe's favor, would show that an official at UOP with authority to address the

3

alleged discrimination and institute corrective measures had actual knowledge of and failed to adequately respond to the harassment.

Doe also claims that UOP unreasonably responded to her assault by requiring her to be in contact with her assailants when it refused to expel two of the men. In *Oden*, we stated that "[a]n aggrieved party is not entitled to the precise remedy that he or she would prefer." 440 F.3d at 1089. After hearing over fifteen hours of testimony, the Judicial Hearing Board found Doe's attackers guilty and the men were punished—one assailant was expelled and two were suspended. The suspended assailants were required to complete further education and training in substance use and sexual assault awareness, and, when they returned after their suspensions, were required to adhere to several probationary terms, including no direct or indirect contact with Doe or her family. The assailants were further told that they would be expelled if they committed any additional violations of the Student Code of Conduct, and their academic transcripts and records would reflect the suspensions. The district court did not err in concluding that UOP's response was not clearly unreasonable as a matter of law in punishing the assailants. *See Oden*, 440 F.3d at 1089.

## II. RETALIATION

Doe contends that UOP retaliated against her by requiring the men's basketball team to have "no contact" with her. To prevail on a claim of retaliation under Title IX, the claimant must prove that she was retaliated against because she complained of sex discrimination. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005).

Doe first argues that the district court abused its discretion in excluding evidence of the "stay away from [Doe]" directive. The district court found that this evidence was inadmissible hearsay. The statement at issue was allegedly a directive from Lynn King, the Athletic Director, given to the head of the men's basketball team, which was then relayed to Doe through another coach. There is no evidence that King or the coaches were authorized to speak for UOP or that this was a policy adopted by UOP; thus the statement did not fall within the hearsay exception for a statement by the opposing party or its agent. *See* Fed. R. Evid. 801(d)(2)(C), (D). Therefore, the district court did not abuse its discretion.

Even if this particular statement had been admitted, there is no evidence that the university acted with a retaliatory motive or that the non-retaliatory motive given for its actions was pretextual. UOP claims that its decisions were motivated by its desire to reduce tensions between the two teams and to avoid making Doe

5

the target of harassment.  Doe has not offered any evidence to show that this justification was pretextual.  Therefore, the district court did not err in concluding that Doe failed to make out a retaliation claim sufficient to defeat summary judgment.

AFFIRMED.